David O'Mara (NV Bar #8599)
The O'Mara Law Firm, P.C.
311 E. Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
David@omaralaw.net
*Local Counsel for Plaintiffs*

James Bopp, Jr. (Ind. bar #2838-84)*
   jboppjr@aol.com
Richard E. Coleson (Ind. bar #11527-70)*
   rcoleson@bopplaww.com
Corrine L. Youngs (Ind. bar #32725-49)*
   cyoungs@bopplaw.com
Amanda L. Narog (Ind. bar #35118-84)*
   anarog@bopplaw.com
True the Vote, Inc.
 Voters' Rights Initiative
The Bopp Law Firm, PC
1 South Sixth St.
Terre Haute, IN 47807‑3510
Telephone: 812/877-4745

*Pro hac vice application pending
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **Stanley William Paher**, **Terresa Monroe-Hamilton**, and **Garry Hamilton**,<br><br>   Plaintiffs<br><br>   v.<br><br>**Barbara Cegavske,** in her official capacity as Nevada Secretary of State, and **Deanna Spikula**, in her official capacity as Registrar of Voters for Washoe County,<br><br>   Defendants | Case Number:_____<br><br>**Verified Complaint for Declaratory and Injunctive Relief** |

Plaintiffs Stanley William Paher, Terresa Monroe-Hamilton, and Garry Hamilton (collectively "Voters") complain as follows:

**1.** Nevada Secretary of State ("Secretary") and Nevada county clerks and registrars of voters ("County Administrators") intend to conduct the June 9, 2020, Nevada state and federal primary election under the "all-mail election" plan ("Plan") on the Secretary's website. Under the Plan, the Secretary and County Administrators intend to mail unrequested absentee ballots (herein

1

"mail-in ballots") to *active* registered voters only: "All active registered voters in Nevada will be mailed an absentee ballot[1] for the primary election. No action or steps, such as submitting an absentee ballot request application, will be required by individual voters in order to receive a ballot in the mail." Ex. A.

**2.** The Plan strips vote-fraud-prevention safeguards established by the Legislature, which allows illegal voting that violates Voters' right to vote by dilution. Among other constitutional flaws, the Plan is not what the Legislature chose as required, U.S. Const. art I, § 4, cl. 1, so it may not be used where as here federal candidates are on the ballot. *See* https://www.nvsos.gov/sos/home/showdocument?id=8461 (Nevada Secretary of State, "2020 Non-Judicial Candidates Filed with the Secretary of State," attached as Ex. F).

**3.** The Plan violates Voters' (i) right to vote under the U.S. Constitution (due to vote dilution), (ii) right to vote in a federal election compliant with the U.S. Constitution at Article I, § 4, cl. 1, and (iii) right to a republican form of government under Article IV, § 4 of the U.S. Constitution.

**Jurisdiction and Venue**

**4.** This action arises under 42 U.S.C. Section 1983, the First and Fourteenth Amendments to the Constitution of the United States, and Article I, Section IV the Constitution of the United States.

**5.** This Court has jurisdiction over all claims pursuant to 28 U.S.C. Sections 1331 and 1343(a). It also has jurisdiction pursuant to the Declaratory Judgment Act as codified at 28 U.S.C. Sections 2201 and 2202.

**6.** Venue is proper under 28 U.S.C. Section 1391(b) because it is where at least one of the Defendants reside.

---

[1] The Secretary uses "absent*ee* ballot" synonymously with the Nevada term "absent ballot," Nevada Revised Statutes ("NRS") 293.013. Ex. A. But because the ballots are not sent per the legislatively required absent-ballot request procedure, they are actually like the *mail-in ballots* sent in statutory all-mail-voting plans, such as used in California.

**Parties**

7. Plaintiff Stanley William Paher is a resident of the City of Reno, County of Washoe and a duly registered voter in the State of Nevada. He votes early in-person.

8. Plaintiff Terresa Monroe-Hamilton is a resident of the City of Reno, County of Washoe and a duly registered voter in the State of Nevada. She is married to Plaintiff Garry Hamilton and both recently moved to Nevada and registered online yesterday. She usually votes early or on election day in-person.

9. Plaintiff Garry Hamilton is a resident of the City of Reno, County of Washoe and a duly registered voter in the State of Nevada. He is married to Plaintiff Terresa Monroe-Hamilton and both recently moved to Nevada and registered online yesterday. He usually votes early or on election day in-person.

10. Defendant Barbara Cegavaske is Nevada's Secretary of State and is named in her official capacity. Secretary Cegavske is the Chief Officer of Elections for the State of Nevada. See Nev. Rev. Stat. § 293.124. Her responsibilities include, but are not limited to, execution and enforcement of all provisions of state and federal law relating to elections, and adoption of such regulations as necessary to carry out the provisions of the state's election code, including the manner, number, and form of ballots to be printed for the state, and the distribution of ballots to precincts and districts .

11. Defendant Deanna Spikula is the Registrar of Voters in Washoe County, Nevada and is named as a Defendant in her official capacity. She is responsible for implementing Nevada's election laws, and her responsibilities include, but are not limited to establishing polling places, overseeing the election board, mailing ballots to registered voters, and implementing the Ballot Rejection Rules. *See Generally* Nev. Rev. Stat. § 293.

**Factual Allegations**

12. Under Nevada law, the primary election must be held on the second Tuesday in June of each even-numbered year. NRS 293.175(1). The 2020 Nevada's Primary is June 9. Candidates for the office of U.S. Representative are on the ballot for the June 9 primary. *See* Ex. F.

*The Plan*

**13.** On March 24, 2020, in response to the Covid-19 pandemic, the Secretary, and County Administrators announced the Plan: "to conduct an all-mail election for the June 9, 2020 primary election." Press Release, *Nev. Sec'y of State, Secretary Cegavske Announces Plan to Conduct the June 9, 2020 Primary Election by All Mail* (Mar. 24, 2020), https://www.nvsos.gov/sos/Home/Components/News/News/2823/309 (Ex. A); *see also* https://www.nvsos.gov/sos/elections/voters/absentee-voting (Ex. B).

**14.** Under the Plan: "All active registered voters in Nevada will be mailed an absentee ballot for the primary election. No action or steps, such as submitting an absentee ballot request application, will be required by individual voters in order to receive a ballot in the mail." Ex. A.

**15.** Others who are qualified voters but not "active" won't get an absentee ballot without applying for one: "Any registered voter may request to vote by mail. To request an absent ballot, you must complete and submit an Absent Ballot Request Form to the County Clerk/Registrar of Voters in the county where you are registered to vote." Ex. B.

**16.** Voters will mark their ballot at home "and then return it by mail using a postage-prepaid envelope or by dropping it off in person at a designated county location." *Id.*

**17.** Voters are reminded that mail-in ballots must be dropped off in person by the close of polls on Election Day, or postmarked by Election Day. *Id.*

**18.** Ballots that are postmarked by Election Day and received no later than seven days after the election will be counted. Additionally, if a voter fails to sign the ballot return envelope or the voter's signature does not match the one on file with the county election official, the voter will be contacted, and the voter will have up to the seventh day after the election to make the necessary correction. It is important to understand that these statutory deadlines will result in updating vote totals and election results for up to seven days after the election. *Id.*

**19.** In Washoe County's notice, created on April 10, 2020, it details the Plan. Ex. C. Washoe County voters will receive a mail-in ballot. Voters may return these ballots either by mailing them through the U.S. Postal Service or by dropping them at the Registrar's Office in Reno, Nevada. *Id.*

**20.** As an example, the Elko County clerk's office has similarly released the Plan. It has stated that it will mail ballots to "[a]ll registered voters" only "during the first part of May 2020." Ex. D and E. Voters may return their ballots by mail or by dropping them off in person. *Id.*

**21.** Similarly, the Clark County clerk's notice, created April 2, 2020, details the Plan. Ex. G. All active voters in Clark County will receive a mail ballot. But Clark county will mail an additional notice. "All inactive voters will be receiving a notice in the mail asking them to update their information in order to be listed as active voters and receive a mail ballot for the 2020 Primary Election." *Id.*

*Nevada Election Law*

**22.** The Nevada Legislature has enacted detailed legislation governing how elections are to be conducted in NRS Title 24, Chapter 293 (titled "Elections").[2]

**23.** Chapter 293 requires the Secretary to enact implementing regulations, but § 247 limits that to when a regulation (i) is consistent with legislation and (ii) in place by the last business day of February before the primary:

> The Secretary of State shall adopt regulations, *not inconsistent with the election laws* of this State, for the conduct of primary, general, special and district elections in all cities and counties. Permanent regulations of the Secretary of State that regulate the conduct of a primary, general, special or district election and are effective *on or before the last business day of February* immediately preceding a primary, general, special or district election govern the conduct of that election.

NRS 293.247 (emphasis added).

**24.** The law mandates that county clerks "shall establish election precincts"[3] "on or before the third Wednesday in March of every even-numbered year." NRS 293.205. Although county clerks may establish "mailing precincts" (where all ballots are mailed, with certain exceptions) under certain guidelines, NRS 293.343, those like all precincts had to be established by March 18 under NRS 293.205.

**25.** Moreover, "on or before the last day in March of every even-numbered year, the county

---

[2] *Available at* https://www.leg.state.nv.us/NRS/NRS-293.html.

[3] "[S]tatutes . . . that employ the term 'shall' are presumptively mandatory." *Nev. Pub. Emps. Ret. Bd. v. Smith*, 129 Nev. 618, 627, 310 P.3d 560, 566 (2013) (citation omitted).

5

clerk shall provide the Secretary of State and the Director of the Legislative Counsel Bureau with a copy or electronic file of a map showing the boundaries of all election precincts in the county," NRS 293.206, and this was apparently not done given the substitution of the Plan.

**26.** The law requires that clerks establish and the Secretary approve maps of precincts, 293.205 and .206, indicates the Legislature's intent for such precincts for in-person voting, not that the whole election be subsumed under an exception allowing mailing districts in certain circumstances, e.g., "whenever there were not more than 20 voters registered in a precinct for the last preceding general election, the county clerk may establish that precinct as a mailing precinct," NRS 293.213(1).

**27.** The intent of the Legislature to have regular in-person voting and absentee procedures as the controlling model, with certain exceptions, is evidenced throughout Chapter 293 in its provisions for regular voting. The Plan is not the Legislature's prescribed manner.

**28.** Where mailing precincts are created, "county clerk[s] shall, at least 14 days before establishing or designating a precinct as a mailing precinct . . . cause notice of such action to be: (a) Posted [as prescribed] . . . ; and (b) Mailed to each Assemblyman, [etc. as prescribed]. *Id.*

**29.** NRS 293.3568 requires provision for early in-person voting at permanent polling places, but the Clark County Registrar of Voters' doesn't identify locations for doing that. (Ex. G.) The Secretary and County Administrators have apparently determined that § 3568 is no longer applicable and that "[i]f a request is made to vote early by a registered voter in person, the election board shall issue a ballot for early voting to the voter," NRS 293.356, they need not comply. That "ballot must be voted on the premises of a polling place," *id.*, but in this case, the Registrar has decided to circumvent the Legislature and only provide a mail ballot drop-off location and not a permanent or temporary location to request a ballot and have it voted there.

*Anti-Vote-fraud Safeguards*

**30.** Nevada requires that "a person who registered by mail or computer shall, for the first election in which the person votes at which that registration is valid, vote in person unless he or she has previously voted in the county in which he or she is registered to vote." NRS 293.272(1). And an individual who registers at the Department of Motor vehicles, by mail, or by computer

6

must present valid identification and a document establishing residence. NRS.293.2725.[4]

**31.** For all in-person voters whose name appears on the roster of registered voters (or they provide an affirmation that they are entitled to vote), the voter "state his or her name to the election board officer in charge of the roster," who "shall . . . [a]nnounce the name of the registered voter," require a signature and then authenticate it or resolve any discrepancy. NRS 293.285. The voter "must sign his or her name in the roster or on a signature card when he or she applies to vote." NRS.293.277(1). This is all done before witnesses who may know the person, but in any case can watch the person's demeanor and can see if the person is trying to duplicate a signature from an exemplar or produces the signature spontaneously. There are some exceptions, but those are the general rules, and they allow local poll workers and watchers to monitor who is voting and deny voting and issue challenges if appropriate—as does in-person voting in general.

**32.** The signature is then compared by an election board officer with the signature on file or on approved identification cards, such as a driver's license. *Id.* at (1)-(2). Records are checked to assure the voter has not already voted. *Id.* at (3). The law provides that any person who votes knowing he or she is not qualified commits a Class D felony, as does one attempting to vote in the name of another. NRS 293.775. The same penalty applies to those voting more than once in the same election. NRS 293.780

**33.** Nevada requires the safeguard that a voter must *request* the ballot: "Except as provided in NRS 293.272 and 293.502, a registered voter may request an absent ballot if, before 5 p.m. on the 14th calendar day preceding the election, the registered voter; (a) Provides sufficient written notice to the county clerk; and (b) Has identified himself or herself to the satisfaction of the county clerk." NRS 293.313.

**34.** The Nevada Administrative Code provides that, "A clerk that receives a request for an absent ballot shall: (1) Compare the address of the voter's residence in this State which is indicated on the request with the address which is indicated on the voter's application to register to

---

[4] Likewise, where mail voting has been authorized by law, individuals could only vote by mail if they provide the county clerk the same information required at the polling location. NRS 293.2725(1)(b)(1)-(2).

7

vote." NAC 293.295. 293.295. If the address is different on the voter registration and absent ballot applications, the court will send a written notice including: "(a) A copy and explanation of the provisions set forth in NRS 293.525; and (b) A postcard to be returned by the voter to the county clerk which includes verification of the address of the voter's residence in this State. The county clerk shall use a postcard that may not be forwarded to an address of the voter which is different from the address to which the notice is mailed." NAC 293.295(2).

**35.** The safeguards in place when a registered voter moved "from one precinct to another or from one congressional district to another within the same county" require that the registered voter "must be allowed to vote in the precinct where the elector previously resided" but only after "providing an oral or written affirmation before an election board officer attesting to his or her new address." NRS 293.525. Even if the registered voter moved within the same precinct, that elector must only be "allowed to vote after providing an oral or written affirmation before an election board officer attesting to his or her new address." *Id.*

## Claims for Relief

### Count I
### The Plan violates the right to vote by removing safeguards against fraudulent votes that dilute legal votes.

**36.** Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint and the paragraphs below as though fully set forth herein.

**37.** The federal right to vote is fundamental, *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 667 (1966), and well-established: "Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections" and to have that vote counted. *Reynolds v. Sims*, 377 U.S. 533, 554 (1964).

**38.** "The right to vote can neither be denied outright, nor destroyed by alteration of ballots, nor diluted by ballot-box stuffing." *Id.* at 555 (internal citations omitted). "And the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." *Id.*

**39.** The right to vote inheres in, and is protected by, the First and Fourteenth Amendments of the U.S. Constitution.

8

**40.** Nevada also recognizes a right to vote: "All [qualified voters] shall be entitled to vote for all officers that now or hereafter may be elected by the people, and upon all questions submitted to the electors at such election." Nev. Const. art 2, § 1. Article 1, §§ 8 and 9 of the Nevada Constitution protect against violations of due process (including for "liberty" deprivation) and free speech rights and provide protection for the right to vote, as does Article 4, § 21 safeguards equal protection and so protects the right to vote from disparate treatment.

**41.** Both in-person and absentee ballot voting laws encompass safeguards that protect against voter fraud. For in-person voting, among other protections *see supra* ¶¶ 31,33,34, a first-time voter generally must appear in person with identification and proof of residence location. NRS 293.272(1). To obtain an absentee ballot, among other protections *see supra* ¶¶ 32-36, a voter must *request* the ballot and "identif[y] himself or herself to the satisfaction of the county clerk." NRS 293.313. Yet, the Plan strips statutory protections by the Legislature to prevent such fraud.

**42.** Both the in-person voting and absentee voting demonstrate a statutory scheme that ensures multiple levels of verification before voting to guarantee the integrity of the voting process. Voters casting fraudulent ballots face the threat of felony prosecution. All of these protections and penalties are provided by the Legislature and may not be overruled and replaced by government officials as in the Plan.

**43.** The Plan would require the State to forego almost all in-person voting and instead conduct the Primary by mailed absent ballots. An election conducted by mail ballot only, per the Plan, would all but ensure an election replete with both ballot fraud.

**44.** The Plan violates the Voters' right to vote by diluting their votes with illegal votes given the removal of safeguards against illegal voting established by the Legislature.

**Count II**
**The Plan violates the right to vote for legislative representatives to establish the manner of elections by substituting a scheme that replaces the legislatures' plan.**

**45.** Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint and the paragraphs below as though fully set forth herein.

**46.** Voters voted for representatives with plenary power to govern the manner of voting to represent them and the Voters did not vote for the Secretary and County Administrators to represent them. Yet the manner of voting proposed here is to be decided by the Secretary and County Administrators instead of the elected representatives in the Legislature.

**47.** While state and local officials face balloting, they are not elected to be representatives of the People in the Legislature. That eliminates representation, representatives, and the right to vote for representatives in the Legislature to decide the manner of elections.

**48.** That right to vote is fundamental, *Harper*, 383 U.S. at 667, and protected by the First and Fourteenth Amendments of the U.S. Constitution, as well as Article 2, § 1 of the Nevada Constitution ("All [qualified voters] shall be entitled to vote for all officers that now or hereafter may be elected by the people, and upon all questions submitted to the electors at such election."), and Article 1, §§ 8 and 9, which protect against violations of due process (including for "liberty" deprivation) and free speech rights and so provide protection for the right to vote. "Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections" and to have that vote counted. *Reynolds,* 377 U.S. at 554.

**49.** The Plan would overrule and replace the representatives' chosen manner of election, the Voters' votes for representatives who would decide the manner of elections is invalidated. That violates the Voters' right to vote.

### Count III
### The Plan violates the right to vote under the *Purcell* Principle.

**50.** Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint and the paragraphs below as though fully set forth herein.

**51.** The Purcell Principle is anchored in the right to vote and its potential for debasement. *Purcell*, 549 U.S. 1, 4 (citing *Reynolds*, 377 U.S. at 555). The Court held in *Purcell* that "[c]ourt orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase." 549 U.S. at 4-5.

**52.** The U.S. Supreme Court recently applied this principle in *Republican National Commit-*

*tee v. Democratic National Committee*, No. 19A1016 (U.S. Apr. 6, 2020) (per curiam) and summarized: "This Court has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election. See *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); *Frank v. Walker*, 574 U. S. 929 (2014); *Veasey v. Perry*, 574 U. S. __ (2014).

**53.** The general rule is that no court order altering election procedures near an election is permissible because it violates the right to vote. And because the Principle is anchored in the right to vote, it applies to state and local election administrators as well because their election-altering actions pose the same risk.

**54.** The "possibility that qualified voters might be turned away from the polls," *Purcell* at 4, violates their right to vote.

**55.** The Plan alters the nature of Nevada's election, changing it from an in-person election with absentee ballots received by request to a scheme of mailing mail-in ballots to some, but not all, registered voters and highly restricted walk-in voting options. The same risk of voters losing their franchise because of the confusion caused by this recent Plan exists.

**Count IV**
**The Plan violates the Voters' right to have, and to vote in, federal elections with the manner of election is chosen by the legislature (U.S. Const. art I, § 4, cl. 1).**

**56.** Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint and the paragraphs below as though fully set forth herein.

**57.** The Plan violates Voters' right to have, and to vote in, a federal election where the "Manner" of election is "prescribed . . . by the Legislature," as required:

> The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators.

U.S. Const. art. I, § 4, cl. 1.

**58.** Candidates for the office of U.S. Representative are on the ballot for the June 9 primary. Ex. F. Therefore, the June 9 primary must be conducted in the Legislature's prescribed manner.

**59.** But the Plan is not at all what the Legislature chose and is contrary to controlling legisla-

tion. See supra ¶¶ 24-31.  The Secretary and County Administrators chose a manner not authorized by the Legislature and contrary to the Legislature's choices. See supra ¶¶ 15-23 .

**60.** They have eliminated safeguards against vote fraud that the Legislature chose. See Supra ¶¶ 32-37.

**61.** The Plan violates Article I, § 4, cl. 1, including a violation of the Voter's right to have, and to vote in, such an election as the U.S. Constitution prescribes.

### Count V
### The Plan violates the right to a republican form of government under the United States Constitution.

**62.** Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint and the paragraphs below as though fully set forth herein.

**63.** The loss of representative government and invalidation of votes for legislators identified in the preceding claims violates the Voters' right to a republican form of government under the U.S. Constitution. Article IV, § 4, of the U.S. Constitution provides that "the United States shall guarantee to every state in this union a republican form of government" ("Guarantee Clause").

**64.** A republican form of government is lost if a Secretary of State and County Administrators supplant the people's elected representative in exercising powers entrusted entirely to the Legislature, in this case establishing the manner of elections.

**65.** The U.S. Constitution is founded on and derived from the will of the people who hold the ultimate power, *see* U.S. Const. preamble ("We the people . . . ."), the people have a right to the republican government they chose in their own exercise of that political will and which the United States guarantees.

**66.** The Plan would violate the very foundational rights of the Voters to a republican form of government and to vote in manner established under a republican form of government.

### Prayer for Relief

Wherefore, Plaintiffs respectfully request this Court:

**1.** Declare that the Plan violates the right to vote the First and Fourteenth Amendments of the U.S. Constitution and Nev. Const. art 2, § 1. Article 1, §§ 8 and 9 of the Nevada Constitution and

strips safeguards against fraudulent votes that dilute legal votes;

**2.** Declare that the Plan violates the right to vote under the First and Fourteenth Amendments of the U.S. Constitution, as well as Article 2, § 1 of the Nevada Constitution, because the Secretary and County Administrators' Plan overrules and replaces the legislator's chosen manner of elections;

**3.** Declare that the Plan violates the right to vote under the *Purcell* Principle;

**4.** Declare that the Plan violates Article I, § 4 , cl. 1 of the U.S. Constitution;

**5.** Declare that the Plan violates the Voters' right to a republican form of government under Article IV, § 4 of the U.S. Constitution;

**6.** Preliminarily and permanently enjoin the Secretary and County Administrators from conducting the Plan in violation of the Voters' right to vote;

**7.** Preliminarily and permanently enjoin the Secretary and County Administrators to implement the primary election in the manner the Nevada Legislature prescribed;

**8.** Award all costs and expenses of bringing this action, including attorneys' fees and costs; and

**9.** Grant any other relief this court deems appropriate.

April 21, 2020

Respectfully submitted,

James Bopp, Jr. (Ind. bar #2838-84)*
   jboppjr@aol.com
Richard E. Coleson (Ind. bar #11527-70)*
   rcoleson@bopplaww.com
Corrine L. Youngs (Ind. bar #32725-49)*
   cyoungs@bopplaw.com
Amanda L. Narog (Ind. bar #36118-84)*
   anarog@bopplaw.com
True the Vote, Inc.
 Voters' Rights Initiative
The Bopp Law Firm, PC
1 South Sixth St.
Terre Haute, IN 47807‒3510
Telephone: 812/877-4745
*Pro hac vice application pending
*Counsel for Plaintiffs*

/s/ David O'Mara
David O'Mara
311 E. Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
David@omaralaw.net
*Local Counsel for Plaintiffs*

**VERIFICATION**

I, Terresa Monroe-Hamilton, under penalty of perjury, state as follows:

That I am one of the Plaintiffs in the foregoing action; that I have read the above and foregoing Complaint, and know the contents thereof; that the same is true to the best of my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe the same to be true.

That I am a resident of the City of Reno, County of Washoe, and am an eligible and duly registered voter in the State of Nevada. I recently relocated from Oklahoma to Nevada where I have previously lived, and I recently registered to vote online. In the past, I have voted on election day by going to my designated polling location.

I do hereby affirm the aforesaid under penalty of perjury of the laws of the State of Nevada.

DATED: April 21, 2020

TERRESA MONROE-HAMILTON

**VERIFICATION**

I, Garry Hamilton, under penalty of perjury, state as follows:

That I am one of the Plaintiffs in the foregoing action; that I have read the above and foregoing Complaint, and know the contents thereof; that the same is true to the best of my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe the same to be true.

That I am a resident of the City of Reno, County of Washoe, and am an eligible and duly registered voter in the State of Nevada. I recently relocated from Oklahoma to Nevada where I have previously lived, and I recently registered to vote online. In the past, I have voted on election day by going to my designated polling location.

I do hereby affirm the aforesaid under penalty of perjury of the laws of the State of Nevada.

DATED: April 21, 2020

*/s/ Garry Hamilton*
GARRY HAMILTON

**VERIFICATION**

I, Stanley William Paher, under penalty of perjury, state as follows:

That I am one of the Plaintiffs in the foregoing action; that I have read the above and foregoing Complaint, and know the contents thereof; that the same is true to the best of my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe the same to be true.

That I am a resident of the County of Washoe, State of Nevada, and am an eligible and duly registered voter in the State of Nevada. Over the last ten years, I have voted during the early voting period in election, whether the primary or general election.

I do hereby affirm the aforesaid under penalty of perjury of the laws of the State of Nevada.

DATED: April 21, 2020

_____
STANLEY WILLIAM PAHER

**INDEX OF EXHIBITS**

| Exh No. | Description | Pages |
|---|---|---|
| A | Secretary Cegavske Announces Plan to Conduct June 9, 2020 Primary Election by All Mail | 2 |
| B | Secretary of State- Absent Voting | 2 |
| C | Primary Election Notice of Vote-by-Mail Election on June 9, 2020 and Official Sample Ballot | 8 |
| D | Notice of Primary Election | 1 |
| E | Elko County Nevada Voter Sample Ballot Information | 4 |
| F | 2020 Non-Judicial Candidates Filed with the Secretary of State | 4 |
| G | Primary Election Notice | 8 |