David O'Mara (NV Bar #8599)
311 E. Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
David@omaralaw.net
*Local Counsel for Plaintiffs*

James Bopp, Jr. (Ind. bar #2838-84)*
   jboppjr@aol.com
Richard E. Coleson (Ind. bar #11527-70)*
   rcoleson@bopplaww.com
Corrine L. Youngs (Ind. bar #32725-49)*
   cyoungs@bopplaw.com
Amanda L. Narog (Ind. bar #35118-84)*
   anarog@bopplaw.com
True the Vote, Inc.
 Voters' Rights Initiative
The Bopp Law Firm, PC
1 South Sixth St.
Terre Haute, IN 47807‒3510
Telephone: 812/877-4745
*Pro hac vice application pending
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **Stanley William Paher**, **Terresa Monroe-Hamilton**, and **Gary Hamilton**,<br><br>  Plaintiffs<br><br>v.<br><br>**Barbara Cegavske,** in her official capacity as Nevada Secretary of State, **Deanna Spikula**, in her official capacity as Registrar of Voters for Washoe County,<br><br>  Defendants | Case Number   3:20-cv-00243<br><br>**Plaintiffs' Motion to Consolidate the Hearing on the Motion for Preliminary Injunction with a Hearing on the Merits of the Complaint** |

Pursuant to Federal Rule of Civil Procedure 65(a)(2), Plaintiffs Stanley William Paher, Terresa Monroe-Hamilton, and Gary Hamilton ("Voters") hereby move this Court to consolidate the hearing on Plaintiffs' Motion for Preliminary Injunction with the trial on the merits of Plaintiffs' Verified Complaint. In support of this motion, Plaintiffs states as follows:

### I. The resolution of this case turns on purely legal issues.

There is no conflict of material fact here, the facts are straightforward and sufficient to resolve this matter. As provided in Plaintiffs' Complaint, on March 24, 2020, in response to

1

the Covid-19 pandemic, the Secretary, and County Administrators announced the Plan: "to conduct an all-mail election for the June 9, 2020 primary election." Ex. A. The Plan provides that "[a]ll active registered voters in Nevada will be mailed an absentee ballot for the primary election. No action or steps, such as submitting an absentee ballot request application, will be required by individual voters in order to receive a ballot in the mail." *Id.* But other qualified but not "active" voters won't get an absentee ballot without applying for one: "Any registered voter may request to vote by mail. To request an absent ballot, you must complete and submit an Absent Ballot Request Form to the County Clerk/Registrar of Voters in the county where you are registered to vote." Ex. B. Voters will mark their ballot at home "and then return it by mail using a postage-prepaid envelope or by dropping it off in person at a designated county location." *Id.* Voters are reminded that absentee ballots must be dropped off in person by the close of polls on Election Day, or postmarked by Election Day. *Id*. Ballots that are postmarked by Election Day and received no later than seven days after the election will be counted.  Additionally, if a voter fails to sign the ballot return envelope or the voter's signature does not match the one on file with the county election official, the voter will be contacted, and the voter will have up to the seventh day after the election to make the necessary correction.  It is important to understand that these statutory deadlines will result in updating vote totals and election results for up to seven days after the election. *Id.*

This Plan was crafted in contravention on Nevada election law. NRS Title 24, Chapter 293. Specifically, Chapter 293 requires the Secretary to enact implementing regulations, but § 247 limits that to when a regulation (i) is consistent with legislation and (ii) in place by the last business day of February before the primary. The law mandates that county clerks "shall establish election precincts" "on or before the third Wednesday in March of every even-numbered year." NRS 293.205. Although county clerks may establish "mailing precincts" (where all ballots are mailed, with certain exceptions) under certain guidelines, NRS 293.343, those like all precincts had to be established by March 18 under NRS 293.205.

Moreover, "on or before the last day in March of every even-numbered year, the county clerk shall provide the Secretary of State and the Director of the Legislative Counsel Bureau with a copy or electronic file of a map showing the boundaries of all election precincts in the

county," NRS 293.206, and this was apparently not done given the substitution of the Plan. The law additionally requires that clerks establish and the Secretary approve maps of precincts, 293.205 and .206, indicates the Legislature's intent for such precincts for in-person voting, not that the whole election be subsumed under an exception allowing mailing districts in certain circumstances, e.g., "whenever there were not more than 20 voters registered in a precinct for the last preceding general election, the county clerk may establish that precinct as a mailing precinct," NRS 293.213(1).

The intent of the Legislature to have regular in-person voting and absentee procedures as the controlling model, with certain exceptions, is evidenced throughout Chapter 293 in its provisions for regular voting. The Plan is not the Legislature's prescribed manner. But where mailing precincts are created, "county clerk[s] shall, at least 14 days before establishing or designating a precinct as a mailing precinct . . . cause notice of such action to be: (a) Posted [as prescribed] . . . ; and (b) Mailed to each Assemblyman, [etc. as prescribed]. *Id.*

NRS 293.3568 requires provision for early in-person voting at permanent polling places, but the Clark County Registrar of Voters' doesn't identify locations for doing that. (Ex. G.) The Secretary and County Administrators have apparently determined that § 3568 is no longer applicable and that "[i]f a request is made to vote early by a registered voter in person, the election board shall issue a ballot for early voting to the voter," NRS 293.356, they need not comply. That "ballot must be voted on the premises of a polling place," *id.*, but in this case, the Registrar has decided to circumvent the Legislature and only provide a mail ballot drop-off location and not a permanent or temporary location to request a ballot and have it voted there.

Voters will present these same facts at any hearing on the merits and the standard of proof to which they will have been subjected is sufficient for their consideration on the claim's merits. The Court's "'discretion to consolidate is very broad and will not be overturned on appeal 'absent a showing of substantial prejudice in the sense that a party was not allowed to present material evidence.'" *Michenfelder v. Sumner*, 860 F.2d 328, 337 (9th Cir. 1988), (quoting *Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 101 (2d Cir. 1985).

In the instant case, there are no facts in conflict or question before the Court. Rule 65(a)(2) consolidation is a routine procedure that "is generally appropriate when it would (1) result in an expedited resolution of the case; (2) conserve judicial resources and avoid duplicative proceedings; (3) involves only legal issues based on uncontested evidence and public records; and (4) would not be prejudicial to any of the parties. *Thomas v. Zachry*, No. 3:17-cv-0219-LRH-WGC, 2017 U.S. Dist. LEXIS 75389, at *3 (D. Nev. May 17, 2017) (internal citations omitted). It is appropriate here because no material facts are at issue and development of any facts beyond the date of the hearing of the preliminary injunction would be duplicative and wasteful of the parties' and the Court's resources. Because many of the facts are public record published by Defendants or are codified in Nevada law, there can be no prejudice to any party.

**II. All facts relevant to resolving voters' complaint are already before the court.**

The facts herein provided are verified by the Plaintiff Voters, publicly available on the Secretary of State's website, have been publicly disseminated by Nevada county clerks, or are duly codified in the Nevada Election Code. Thus, all of the facts necessary to determine the merits of the complaint are already before the court, uncontested, and ripe for the Court's consideration.

**III. A decision on the motion for preliminary injunction is essentially a decision on the merits.**

The primary goal of Plaintiffs is protect the right to vote of every Nevada voter, and to ensure that the Secretary of State faithfully and legally conducts the primary election.  So if Defendants are not enjoined from enacting their Plan of an all mail-in election before Defendants send out the ballots in mid-May, then the opportunity for and commensurate the First Amendment rights of the voters will be irreparably lost. Therefore, whether or not Defendants are enjoined from sending out mail-in ballots, the subject of the preliminary injunction motion, will determine this matter.

For the above reasons, this Court should consolidate the hearing of Plaintiffs' Motion for Preliminary Injunction with a hearing on the merits.

| | |
|---|---|
| April 21, 2020 | Respectfully submitted, |
| | |
| James Bopp, Jr. (Ind. bar #2838-84)*<br>    jboppjr@aol.com<br>Richard E. Coleson (Ind. bar #11527-70)*<br>    rcoleson@bopplaww.com<br>Corrine L. Youngs (Ind. bar #32725-49)*<br>    cyoungs@bopplaw.com<br>Amanda L. Narog (Ind. bar #35118-84)*<br>    anarog@bopplaw.com<br>True the Vote, Inc.<br>  Voters' Rights Initiative<br>The Bopp Law Firm, PC<br>1 South Sixth St.<br>Terre Haute, IN 47807‑3510<br>Telephone: 812/877-4745 | /s/ David O'Mara<br>David O'Mara (NV Bar #8599)<br>311 E. Liberty Street<br>Reno, NV 89501<br>Telephone: 775/323-1321<br>David@omaralaw.net<br><br>*Local Counsel for Plaintiffs* |

*Pro hac vice application pending

*Counsel for Plaintiffs*

5