CHRISTOPHER J. HICKS
Washoe County District Attorney
HERBERT B. KAPLAN
Deputy District Attorney
Nevada State Bar Number 7395
1 So. Sierra St.
Reno, NV  89501
hkaplan@da.washoecounty.us
(775) 337-5700

ATTORNEYS FOR DEANNA SPIKULA,
WASHOE COUNTY REGISTRAR OF VOTERS

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STANLEY WILLIAM PAHER, TERRESA MONROE-HAMILTON, AND GARRY HAMILTON,<br><br>Plaintiffs,<br><br>vs.<br><br>BARBARA CEGAVSKE, in her official capacity as Nevada Secretary of State, DEANNA SPIKULA, in her official capacity as Registrar of Voters for Washoe County,<br><br>Defendants. | Case No.  3:20-CV-00243-MMD-WGC<br><br>**WASHOE COUNTY REGISTRAR OF VOTERS' MOTION TO DISMISS COMPLAINT** |

   COMES NOW Defendant, Washoe County Registrar of Voters, Deanna Spikula, by and through her attorney of record, Christopher J. Hicks, Washoe County District Attorney, and Herbert B. Kaplan, Washoe County Deputy District Attorney, and hereby move to dismiss the complaint (ECF #1) filed in this action.

   This Motion is brought pursuant to the Federal Rules of Civil Procedure and is based on the following Memorandum of Points and Authorities, and all the pleadings and papers on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     ANALYSIS AND DISCUSSION**

    **A.     Procedural Background**

Plaintiffs filed a Complaint (ECF #1) asserting that the all-mail primary election scheduled for June 9, 2020, is invalid. Plaintiffs simultaneously filed a motion for preliminary injunction (ECF #2) in an attempt to prevent the Nevada Secretary of State and the Washoe County Registrar of Voters from conducting the June 9, 2020, Nevada state and federal primary election from proceeding under the "all-mail election" plan.

In the Complaint, Plaintiffs pray for the following relief:

> 1. Declare that the Plan violates the right to vote the First and Fourteenth Amendments of the U.S. Constitution and Nev. Const. art 2, § 1. Article 1, §§ 8 and 9 of the Nevada Constitution and strips safeguards against fraudulent votes that dilute legal votes;
> 2. Declare that the Plan violates the right to vote under the First and Fourteenth Amendments of the U.S. Constitution, as well as Article 2, § 1 of the Nevada Constitution, because the Secretary and County Administrators' Plan overrules and replaces the legislator's chosen manner of elections;
> 3. Declare that the Plan violates the right to vote under the Purcell Principle;
> 4. Declare that the Plan violates Article I, § 4 , cl. 1 of the U.S. Constitution;
> 5. Declare that the Plan violates the Voters' right to a republican form of government under Article IV, § 4 of the U.S. Constitution;
> 6. Preliminarily and permanently enjoin the Secretary and County Administrators from conducting the Plan in violation of the Voters' right to vote;
> 7. Preliminarily and permanently enjoin the Secretary and County Administrators to implement the primary election in the manner the Nevada Legislature prescribed.

Complaint at pp. 12-13.

Plaintiffs also filed a motion to consolidate hearing on motion for preliminary injunction with hearing on the merits. (ECF # 4)  This Court granted that motion noting that "consolidation will result in an expedited resolution of the case."  Minute Order (ECF #36).

The consolidated hearing was conducted on April 29, 2020.  By way of the Order entered on April 30, 2020, the Court specifically denied the motion for preliminary injunction.  (ECF #57)  However, despite the fact that the hearing on the preliminary injunction was consolidated with the hearing on the merits, the Court noted in its Order that "at the Hearing the Court

determined that a resolution on the merits of the case should be deferred given the Secretary's position as to her right to assert Eleventh Amendment immunity. Such a deferral would not affect the parties' ability to seek interlocutory appeal." Order (ECF #57) at p. 6, n. 4.

As a result, the complaint/merits technically has not been addressed despite the April 30, 2020 Order, which addressed the merits,[1] but deferred resolving the merits to afford the SOS to assert Eleventh Amendment immunity, if the SOS chose to do so.

### B.   Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under FRCP 12(b)(6) tests the complaint's sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578 (9th Cir. 1983). When considering a motion to dismiss, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of a cause of action with conclusory allegations is not sufficient, a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 566 U.S. 662 (2009)(citations omitted). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus. Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

//
//
//

---

[1] The Court specifically found that "Plaintiffs fail to establish the merits of each claim." Order (ECF #57) at p. 10, l. 14.

### C. Court Has Already Found Plaintiffs Fail on the Merits

As set forth herein, the Court has already found that the Plaintiffs failed to establish the merits of each claim. To date, the SOS has not filed anything asserting Eleventh Amendment immunity. The Complaint must be dismissed based on the Court's prior findings.

## II. CONCLUSION

For the reasons set forth herein, Ms. Spikula urges the Court to dismiss this case, and grant such grant such other relief as it deems appropriate in the premises.

Dated this 11th day of May, 2020.

```
                                CHRISTOPHER J. HICKS
                                District Attorney

                                By    /s/ Herbert B. Kaplan
                                    HERBERT B. KAPLAN
                                    Deputy District Attorney
                                    One South Sierra St.
                                    Reno, NV  89501
                                    hkaplan@da.washoecounty.us

                                ATTORNEYS FOR WASHOE COUNTY
                                REGISTRAR OF VOTERS, DEANNA SPIKULA
```

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on this date, the foregoing was electronically filed with the Federal District Court by using the ECF System.  Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

James Bopp, Jr., Esq.

Danie Bravo, Esq.

Henry James Brewster, Esq.

Richard E. Coleson Esq.

Courtney Anne Elgart, Esq.

Marc Erik Elias, Esq.

Jonathan Hawley, Esq.

Abha Khanna, Esq.

Amanda L. Narog, Esq.

Craig A. Newby, Esq.

David C. O'Mara, Esq.

Bradley Scott Schrager, Esq.

Corrine L. Youngs, Esq.

Gregory Louis Zuning, Esq

Dated this 11th day of May, 2020.

                                                    /s/ M. Coin
                                                      M. Coin