1  STEVEN B. WOLFSON
   Clark County District Attorney
2  MARY-ANNE MILLER
   County Counsel
3  NSB #001419
   500 S. Grand Central Parkway
4  Las Vegas, NV  89106
   702.455.4761
5  mary-anne.miller@clarkcountyda.com
    *Attorneys for Defendant Joseph P. Gloria,*
6   *Clark County Registrar of Voters*

7                    **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF NEVADA**

9

10 | Stanley William Paher, Terresa Monroe-Hamilton, Garry Hamilton, Daryl Byron DeShaw, Jeff Ecker, Gary Gladwill, Linda Barnett, and Nevada Right to Life, | Case No.:    3:20-cv-00243 |

11

12                    Plaintiffs

13 v.
   Barbara Cegavske, in her official capacity as
14 Nevada Secretary of State, Deanna Spikula, in
   her official capacity as Registrar of Voters for
15 Washoe County, Joseph P. Gloria, in his
   official capacity as Registrar of Voters for
16 Clark County,

17                    Defendants, and

18 Nevada State Democratic Party DNC Services
   Corporation/Democratic National Committee,
19 DCCC, Priorities USA, and John Solomon,

20                    Intervenors-
                     Defendants.

21

**OPPOSITION OF DEFENDANT
JOSEPH P. GLORIA to SECOND
MOTION FOR PRELIMINARY
INJUNCTION
        And
JOINDER to MOTION to DISMISS
filed by DEFENDANTS and
INTERVENOR-DEFENDANTS**

22       COMES NOW, Defendant Joseph P. Gloria, by and through his counsel, Steven B. Wolfson,

23 District Attorney, by Mary-Anne Miller, County Counsel and files this Opposition to Plaintiff's

24 Second Motion for Preliminary Injunction (Doc. #65).  Further, this Defendant joins in the motions

25 to dismiss filed by Defendant Spikula (Doc. # 62), Defendant Cegavske (Doc. #63), and Intervenors-

26 Defendants (Doc. #71).

27 / / /

28 / / /

1    This filing is based on the cases and arguments submitted in those documents, as well as the

2 argument below.

3    DATED this 20th day of May, 2020.

4                                STEVEN B. WOLFSON
                                 DISTRICT ATTORNEY
5

6    By: /s/ Mary-Anne Miller
                                 MARY-ANNE MILLER
7                                County Counsel
                                 State Bar No. 001419
8                                500 South Grand Central Pkwy.
                                 Las Vegas, Nevada  89155-2215
9                                Attorney for   *Attorneys for Defendant*
                                 *Joseph P. Gloria, Clark County Registrar of*
10                               *Voters*

11                               **ARGUMENT**

12    Interestingly, Plaintiffs originally asserted, as one ground for relief, the ruling in *Purcell v.*

13 *Gonzalez*, 549 U.S. 1 (2006) which cautions courts from meddling in election procedures close to a

14 pending election.  Plaintiffs have repackaged their complaint and renewed their pleadings with no

15 truly new grounds for relief.  Now, less than a month before the election and after mail ballots have

16 been sent out to over 1.6 million voters, they call for an order directing officials to proclaim all those

17 ballots void and to set-up in person voting locations.  Despite acknowledging the significant expense

18 that Defendant Clark County has already incurred by switching to a predominantly all-mail election

19 (See Plaintiffs' Amended Complaint, Doc. 64, ¶¶ 42-45), they ask this court to direct election

20 officials to abandon those efforts and gear up for a largely in-person election.  It is beyond dispute

21 that such a last minute switch would create wide-spread voter confusion, and the kind of

22 unacceptably long lines and delays that plagued Wisconsin's recent election.

23    The only different facts on which Plaintiffs base their renewed motion are alleged statutory

24 due dates already dismissed by this Court as inapplicable in this pandemic.  They also cite attempts

25 by Clark County Administrators (so styled by Plaintiffs) to ease concerns about the mail election

26 process.  Clark County has added two additional in-person vote centers.  Clark County has over

27 three times the population of active registered voters of any other county in Nevada, so adding two

28 more vote sites to the original singular site cannot be said to provide an undue burden on any other

1 | voter. In fact, it would seem to ameliorate the concerns expressed by Plaintiffs over the lack of in-
2 | person voting opportunities.

3 |      Clark County also sent out ballots to inactive voters at their last known address. Inactive
4 | voters are still eligible to vote. Plaintiffs do not take issue with an assertion that this will be a
5 | largely unresponsive effort (See ¶ 46 of Amended Complaint, Doc. 64), so its inclusion here as
6 | grounds for relief is odd. If the effort to reach additional voters is successful at all, it will help stem
7 | the "flood of absent ballot requests" that the Plaintiffs claim election officials will not be able to
8 | handle.

9 |      Finally, the Clark County Election Department has deputized 20 members of its staff to go
10 | out, on request and if staff are available, and receive voted ballots directly from the voter. Voted
11 | ballots may be turned into election officials, so this legally is not different than mail ballot drop-offs.
12 | On initial impression, this option does not seem to be a popular choice. See Affidavit of Joseph
13 | Gloria, attached. People understandably are not wild about people they do not know showing up to
14 | their homes in a pandemic.

15 |      These minor changes may make voting in Clark County marginally more convenient to
16 | voters in Clark County but do not in any way burden the vote of any voter in other counties, nor do
17 | they lessen, in any way demonstrated by Plaintiffs, the value of those other voter. All of the
18 | registered voters have the opportunity to drop their voted ballots in the mail or a drop off location, or
19 | to vote in person if they so choose, and their votes will not be treated in any different fashion from
20 | other properly voted ballots. Clark County has not, in any way, lessened its standards on signature
21 | verification or ballot security.

22 |      Because the new facts alleged by Plaintiffs do not establish a dilution of the vote or an
23 | unacceptable different treatment of voters, Defendant Gloria does not understand why he has been
24 | added to this complaint or why the Plaintiffs have renewed their request for relief so close to the
25 | election. The Defendants and the Intervenors-Defendants correctly set forth the *Anderson -Burdick*
26 | balancing tests[1] in their motions to dismiss, so it will not be belabored here. If a state imposes

27 |

28 | ---
[1] In a pair of cases, the Supreme Court addressed the constitutional rules that apply to state election regulations. See *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983); *Burdick v. Takushi*, 504 U.S. 428, 112

1    severe restrictions on the right to vote, the practice survives only if narrowly drawn to advance a

2    compelling state interest.  On the other hand, minimal regulations are subject to a less searching

3    analysis, and county of residence is not a suspect classification.  *Short v. Brown*, 893F.3d 671 (9th

4    Cir. 2018)(phasing in of all mail ballots among counties does not amount to voter dilution).

5        Voters simply do not have an absolute right to vote in any manner that they choose, *Ohio*

6    *Democratic Party v. Husted*. 824 F.3d 620, 626 (Sixth Cir. 2016), nor is an equal protection claim

7    supported by the fact that different jurisdictions within a state may implement voting rights

8    differently, when the differences do not interfere with anyone's right to vote.  Plaintiffs misrely on

9    *Bush v. Gore*, 531 U.S. 98 (2000).  *Bush* involved a general election, in which different methods of

10   tabulating votes could advantage one candidate and his supporters and disadvantage his opponent. In

11   that situation, the Court found that the Equal Protection Clause "protect[s] the fundamental right of

12   each voter in the special instance of a statewide recount under the authority of a single state judicial

13   officer." *Id*. Even in that situation, the case did not challenge, and the Court did not question, the use

14   of entirely different technologies of voting in different parts of the state, even in the same election.

15   ("The question before the Court is not whether local entities, in the exercise of their expertise, may

16   develop different systems for implementing elections.")  *Id*. At 109.

17       Simply put, not every difference in treatment amounts to an Equal Protection violation.

18   *Harlan v. Scholz*, 866 F.3d 754 (7th Cir. 2017)(no EP violations where counties with electronic

19   pollbooks presented more options for same day registration than counties without); *Citizen Center v.*

20   *Gessler*, 770 F.3d 900 (10th Cir. 2014)(fact that some county clerks used traceable ballots, while

21   others did not, did not violate voters' equal protection rights). **See also** *Ohio Dem. Party v. Husted*,

22   *supra* (changing early voting days is minimally burdensome and  not an EP violation …..the fact that

23   some may want to vote on one day versus another is a matter of choice up to the voter; any"burden"

24   clearly results more from a "matter of choice rather than a state created obstacle").

25

26

27   —————————————————

28   S.Ct. 2059, 119 L.Ed.2d 245 (1992); see also Crawford v. Marion Cnty. Election Bd., 553 U.S. 181, 128 S.Ct. 1610, 170 L.Ed.2d 574 (2008). Under the Anderson-Burdick test, the court must apply a flexible standard that depends on the severity of the burden imposed by the state law under consideration:

1    In short, Plaintiffs have not alleged new facts or new caselaw that justifies their very tardy

2    request; in fact, its timing tips the balance of equities even more to maintaining the status quo.

3    Plaintiffs' renewing of their motion at this late date of the process would throw the election

4    procedure into complete disarray.  See affidavit of Joseph Gloria.  At the time of the hearing in this

5    matter, thousands of people will have voted statewide and have chosen not to expose themselves to

6    the potential dangers of in-person voting.  If the Court rules in favor of Plaintiffs, voters would then

7    have to request an absentee ballot under the Plaintiffs' plan, resulting in that same fearful flood of

8    requests.   Their request for relief must be denied.

9    DATED this 20th day of May, 2020.

10                                                STEVEN B. WOLFSON
                                                 DISTRICT ATTORNEY
11

12                                               By: */s/ Mary-Anne Miller*
                                                 MARY-ANNE MILLER
13                                               County Counsel
                                                 State Bar No. 001419
14                                               500 South Grand Central Pkwy.
                                                 Las Vegas, Nevada  89155-2215
15                                               Attorney for   *Attorneys for Defendant*
                                                 *Joseph P. Gloria, Clark County Registrar of*
16                                               *Voters*

17                            **CERTIFICATE OF SERVICE**

18    I certify that I am an employee of the Office of the Clark County District Attorney

19    and that on this 20th day of May, 2020, I served a true and correct copy of the foregoing

20    **OPPOSITION OF DEFENDANT JOSEPH P. GLORIA to SECOND MOTION FOR**

21    **PRELIMINARY INJUNCTION AND JOINDER TO MOTION TO DISMISS FILED**

22    **BY DEFENDANTS AND INTERVENOR-DEFENDANTS** through CM/ECF Electronic

23    Filing system of the United States District Court for the District of Nevada (or, if necessary,

24    by U.S. Mail, first class, postage pre-paid), upon the following:

25                                  Amanda Narog
                                    1 South 6th Street
26                                  Terre Haute, IN 47807
                                    anarog@bopplaw.com
27

28    ///

David C OMara
The OMara Law Firm, P.C.
311 E. Liberty Street
Reno, NV 89501
775-323-1321
775-323-4082 (fax)
david@omaralaw.net
*Attorneys for Plaintiffs*

Craig A. Newby
Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
cnewby@ag.nv.gov

Gregory Louis Zunino
Nevada State Attorney General's Office
100 N Carson Street
Carson City, NV 89701
GZunino@ag.nv.gov
*Attorneys for Defendant*
*Barbara Cegavske*

Mary-Anne M. Miller
Clark County District Attorney
Civil Division
500 S. Grand Central Parkway, 5th Floor
Las Vegas, NV 89155-2215
702-455-4761
702-382-5178 (fax)
Mary-anne.miller@ClarkCountyDA.com
*Attorney for Defendant*
*Clark County Registrar of Voters and*
*Joe P. Gloria*

Daniel Bravo
Wolf, Rifkin, Shapiro, Schulman, & Rabkin, LLP
3556 E. Russell Road, 2nd Floor
Las Vegas, NV 89120-2234
702-341-5200
702-341-5300 (fax)
dbravo@wrslawyers.com

///

Henry James Brewster
Perkins Coie LLP
700 13th Street NW, Suite 800
Washington, DC 20005
202-674-6435
202-551-0156 (fax)
HBrewster@perkinscoie.com

Courtney Anne Elgart
Perkins Coie LLP
700 13th Street, NW
Suite 800
Washington, DC 20005
202-654-6200
202-654-6211 (fax)
celgart@perkinscoie.com

Marc Erik Elias
Perkins Coie LLP
700 13th Street, NW., Ste. 600
Washington, DC 20005
202-654-6200
melias@perkinscoie.com

Jonathan Hawley
Perkins Coie LLP
1201 Third Avenue Ste 4900
Seattle, WA 98101-3099
206-359-6467
JHawley@perkinscoie.com

Abha Khanna
Perkins Coie LLP
1201 Third Avenue Ste 4900
Seattle, WA 98101-3099
206-359-8312
akhanna@perkinscoie.com

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bradley Scott Schrager
Wolf, Rifkin, Shapiro, Schulman & Rabkin
3556 E. Russell Rd
Las Vegas, NV 89120
702-341-5200
702-341-5300 (fax)
bschrager@wrslawyers.com
*Attorneys for Intervenor Defendant*
*DCCC, DNC Services Corporation/Democratic National*
*Committee, Nevada State Democratic Party, Priorities USA and*
*John Solomon*

Herbert B. Kaplan
One South Sierra Street
Reno, NV 89501
775-337-5700
775-337-5732 (fax)
hkaplan@da.washoecounty.us
*Attorney for Defendant*
*Deanna Spikula*

*/s/ Afeni Banks*
An Employee of the Clark County District
Attorney's Office – Civil Division

# Affidavit of Joseph P. Gloria

STEVEN B. WOLFSON
Clark County District Attorney
MARY-ANNE MILLER
County Counsel
NSB #001419
500 S. Grand Central Parkway
Las Vegas, NV 89106
702.455.4761
Mary-anne.miller@clarkcountyda.com
*Attorneys for Defendant Joseph P. Gloria,*
*Clark County Registrar of Voters*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Stanley William Paher, Terresa Monroe-Hamilton, Garry Hamilton, Daryl Byron DeShaw, Jeff Ecker, Gary Gladwill, Linda Barnett, and Nevada Right to Life, <br><br> Plaintiffs <br> v. <br> Barbara Cegavske, in her official capacity as Nevada Secretary of State, Deanna Spikula, in her official capacity as Registrar of Voters for Washoe County, Joseph P. Gloria, in his official capacity as Registrar of Voters for Clark County, <br><br> Defendants. | Case No.:    3:20-cv-00243 |

## AFFIDAVIT OF JOSEPH P. GLORIA

STATE OF NEVADA        )
                       ) ss:
COUNTY OF CLARK        )

COMES NOW, Joseph P. Gloria, being duly sworn, states:

1. I am the Registrar of Voters of Clark County, and have worked for the Clark County Election Department since 1995.

2. Contrary to the primary election conducted in Wisconsin in April of this year, election officials in Nevada have had sufficient time to prepare for the switch in election procedures for the June 9, 2020 primary election made necessary by the COVID-19 pandemic.

3. When the Secretary of State announced on March 24, 2020, with the support of the county clerks and registrars of voters, to conduct an all-mail ballot for the June 9, 2020 primary election, our office immediately began to select and train workers to handle the influx of work associated with an all-mail election. We have in place 225 workers to respond to ballot requests (in the event that ballots are not received by an individual who wishes to vote by mail), and to process the voted ballots once received. They have been trained to conduct their assignments with methods to minimize the danger of infection by the COVID-19 virus. I believe that my staff will be able to competently handle the influx of voted ballots expected in this election.

4. We completed the process of mailing ballots to registered voters on May 6, 2020, and there have been many news reports and public service announcements that the ballots have been mailed out. As of the date of this affidavit, we have received 390 contacts from people who assert that their ballot did not arrive.

5. As of the date of this affidavit, the Clark County Election Department has sent out 1.3 million mail ballots. We have received 69,000 returned voted ballots, and approximately 189,000 unvoted ballots have been returned to us as undeliverable. I have not yet reviewed the undeliverable ballots yet to see what percentage were directed to inactive voters. Given the demands on office staff during this busy time, that determination will not be made before the primary election.

6. The Election Department had planned to have only one in-person voting site on Election Day, because of the dangers of virus spread and belief that more than one location would not be necessary for the low number of voters who would prefer to vote in person in during a pandemic. Voter turnout in a primary election is generally low.

7. I have since spoken with county administration, who shared concerns that the number of election day sites may be insufficient for those voters who desire to vote in person or to register on the day of election. In light of those concerns, I have added two other election day in-person voting sites.

8. Our office sent out ballots to inactive voters, and we anticipate that most of those will come back undeliverable because we had previously sent election notifications to those addresses and the notifications were returned as undeliverable or we received notification by the USPS that the voter had moved out of the county. Although Clark County has 69% of the active registered voters in Nevada, it has a higher percentage, 81%, of the inactive voters. Inactive voters are still eligible to vote. Even if a ballot is not sent to them, they can still vote by appearing in person at our in person voting site from May 23 through June 5, or at any of the three sites available on June 9.

9. For these reasons, I do not believe that Clark County's sending out ballots to inactive voter's last known address provides any significant advantage to those voters over inactive voters in other counties.

10. I have appointed 20 members of my election staff to receive voted ballots from those voters who have indicated that they wish their ballots collected instead of delivering the ballots themselves to our many drop off locations or trusting them to the post office. This assists with our duty to provide assistance to voters with disabilities, but the service has not been requested much since its announcement. I believe this is because the ballots envelopes are postage prepaid, and we have many convenient drop off sites for those that do not trust the mail service.

11. A court order at this time to switch from an all-mail election to in-person elections will present many insurmountable hurdles to our office. Many places selected in the past for voting will not be available due to a desire to avoid crowds while the pandemic is ongoing. Further, we would not have enough time to adequately recruit and train sufficient staff willing to man sufficient in-person voting sites.

//
//
//

1   Dated this 20th day of May, 2020.

2

3                                               JOSEPH P. GLORIA

4

5   SUBSCRIBED and SWORN to before me
    this 20th day of April, 2020.
6

7   _____
    NOTARY PUBLIC in and for
8   said County and State.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARMEN ANAYA
Notary Public, State of Nevada
No. 13-10521-1
My Appt. Exp. Sep. 11, 2021